OPINION
PER CURIAM.
Xue Zhi Chen petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.
Chen, a native of China, entered the United States in December 2003. He was subsequently charged as removable as an arriving alien without entry documents. He conceded removability and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he had been and would be persecuted in China on the basis of his religion. The IJ found Chen not credible and denied relief. The BIA agreed and dismissed the appeal. It noted inconsistencies between Chen’s sworn statement in 2003, his credible fear interview in 2005, and his testimony at his hearing in 2007, and upheld the IJ’s adverse credibility determination. Chen filed a timely petition for review.
We have jurisdiction under 8 U.S.C. § 1252. We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary.[1] Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir.2005). Chen argues that the IJ should not have based the adverse credibility finding on his conclusion that Chen did not know much about the Mormon faith or on his rejection of Chen’s documents. However, because the BIA did not adopt the opinion of the IJ and rendered its own decision, we review the decision of the BIA and not that of the IJ. Sioe Tjen Wong v. Attorney General, 539 F.3d 225, 230 (3d Cir.2008). In upholding the adverse credibility finding, the BIA relied on the inconsistencies among Chen’s reasons for coming to the United States.
In his sworn statement, Chen indicated that he had no fear of being returned to China and that he came to the United States to work. C.A.R. at 139-140. In his *797 credible fear interview, Chen stated that he was persecuted in China as a member of the Buddhist organization Ai Xing. C.A.R. at 133. At his hearing, he testified that he was persecuted as a Baptist in China and had been attending a Mormon church in the United States. C.A.R. at 69, 84. Chen does not dispute the inconsistencies noted by the BIA and admits that he was untruthful. We conclude that a reasonable adjudicator would not be compelled to find Chen credible.[2]
For the above reasons, we will deny the petition for review.

. Because the BIA concluded that it would uphold the IJ’s adverse credibility determination even under the prior standard, we need not decide whether 8 U.S.C. § 1158(b)(1)(B)(iii) is consistent with due process. See Wang v. Holder, 569 F.3d 531, 538 (5th Cir.2009) (canvassing Circuit law on the provision).

. Even if we reviewed and rejected the IJ's concerns about Chen’s understanding of his religion, the record would not compel a finding that Chen was credible.